UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

      Plaintiff,

v.                                                    Case No. 8:25-cv-02975-JLB-AEP

HAIDER CORPORATION d/b/a
TWEAKER ENERGY COMPANY,

      Defendant.

_____/

**ORDER**

This cause comes before the Court upon Defendant's Motion to Set Aside Entry of Default and Motion to Extend Deadline to Respond to the Complaint (Doc. 15). By the Motion, Defendant requests the Clerk's entry of default (Doc. 11) be set aside pursuant to Federal Rule of Civil Procedure 55(c). Additionally, Defendant moves pursuant to Rule 6(b)(1)(B) to extend the deadline to respond to the Complaint. Plaintiff responds in opposition (Docs. 16, 17, 18). Also before the Court is Plaintiff's Motion for Default Judgment (Doc. 12). For the following reasons, Defendant's Motion (Doc. 15) is granted, and Plaintiff's Motion (Doc. 12) is denied as moot.

**I.    Background**

Plaintiff sued Defendant on October 30, 2025, asserting trademark infringement claims (Doc. 1). On January 13, 2026, Plaintiff filed a return of service

indicating that a copy of the summons and complaint had been served on "ATIF S. at ACCOUNTING/REG AGENT: 555 Republic Dr. Ste 500, Plano, TX 75074" on January 9, 2026 (Doc. 8). When Defendant did not respond to the Complaint, Plaintiff moved for entry of default on February 4, 2026 (Doc. 9). The next day, the Court granted the motion, and the Clerk entered a default against Defendant (Docs. 10, 11). On March 19, 2026, Plaintiff moved for default judgment (Doc. 12). Shortly thereafter, Attorneys Richard Fee and Kathleen Wade appeared on behalf of Defendant and filed the instant motion (Docs. 13, 14, 15).

## II.    Legal Standard

Pursuant to Rule 55, Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend an action, as shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The court may, however, set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The defaulting party bears the burden of establishing good cause for setting aside an entry of default. *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)).

Good cause is not susceptible to a precise formula but rather varies from situation to situation. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "In determining what constitutes 'good cause,' courts have considered, but are not limited to, factors such as whether the default was willful, whether the defaulting party would have a

meritorious defense, and whether setting aside the default would result in prejudice to the non-defaulting party." *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) (citing *Compania Interamericana*, 88 F.3d at 951). Courts may also examine other factors, including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951 (citation omitted). Whatever the factors employed by the court, such factors should be regarded as a means for identifying circumstances warranting a finding of "good cause" to set aside a default. *Id.* (citation omitted).

Notably, courts view defaults with disfavor because of the strong policy of determining cases on their merits. *In re Worldwide Web Systs., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted) ("However, there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (indicating that defaults should be used sparingly as it is a drastic remedy only to be utilized in extreme situations, especially given "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court")); *see Fla. Physician's Ins. Co. Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits."). "[A]ny doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief." *Mineola*

3

*Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 620CV2081ORL78LRH, 2021 WL 2954269, at *2 (M.D. Fla. Jan. 4, 2021) (citing *Davis v. Parkhill Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)). Notwithstanding, if a defaulting party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need not make any other finding in denying relief. *Compania Interamericana*, 88 F.3d at 951–52 (citation omitted).

## III.    Discussion

Defendant argues that good cause exists to set aside the default because its failure to defend was not willful, setting aside the default will not prejudice Plaintiff, Defendant has a meritorious defense, Defendant will suffer significant financial loss unless the default is set aside, and Defendant acted promptly to correct the default. Plaintiff argues that Defendant has not demonstrated good cause for the delay and accuses Defendant of submitting a "blatantly false declaration" (Doc. 18, at 3).

First, nothing in the record indicates that Defendant's failure to respond to the Complaint was willful. Instead, it resulted from what appears to be ineffective service of process on "ATIF S. as ACCOUNTING / REG AGENT: 555 Republic Dr. Ste 500, Plano, TX 75074" (Doc. 8). Defendant asserts that Haider Corporation and Tweaker Energy Corp. are two distinct entities, neither of which uses ATIF S. as its registered agent (*See* Doc. 15-1, at 12–15). Further, Defendant declares that neither entity received the summons and complaint from ATIF S. (Doc. 15-1, at 3–4). Upon learning of the entry of the default, however, Defendant quickly retained Florida counsel, who promptly appeared to defend this action (Doc. 15, at 6).

4

Plaintiff accuses Defendant of evading service and states that Tweaker Energy was aware of the lawsuit by at least November 19, 2025 (Doc. 18, at 2). Plaintiff also attaches a different Return of Service (Doc. 16-4) than the one it filed on the docket ahead of its motion seeking entry of default (Doc. 8). Neither document makes it clear that service was properly completed to either entity's registered agent. In the face of this ambiguity, the Court resolves this uncertainty in Defendant's favor as the moving party. *Mineola Holdings, Inc.*, 2021 WL 2954269, at *2.

Second, Plaintiff will not be prejudiced by the Court setting aside the default. "In the context of Rule 55(c), prejudice 'goes to the dangers of loss of evidence, increased discovery difficulties, and the enhanced opportunity for fraud or collusion.'" *Bank of America, N.A. v. Waxman*, No. 3:24-CV-255-WWB-SJH, 2024 WL 6968818, at *2 (M.D. Fla. July 23, 2024) (quoting *Collingsworth v. Dania Montejo DDS PA*, No. 6:20-cv-327-Orl-37GJK, 2020 WL 13227487, at *3 (M.D. Fla. Aug. 5, 2020)). There is no evidence to support such concerns in this case. The action has been pending for approximately 5 months; it remains in its infancy, and such a delay is insufficient to support a denial of a motion to set aside a default. *See Collingsworth*, 2020 WL 13227487, at *3.

Third, Defendant argues it has a meritorious defense. "Even 'a hint of a suggestion of a meritorious defense' renders the defense colorable." *Schiavo v. LEB Sols., LLC*, No. 8:20-CV-1079-30AEP, 2020 WL 13389324, at *1 (M.D. Fla. July 14, 2020); *Philadelphia Indem. Ins. Co. v. Werx, Inc.*, No. 3:23-CV-1063-TJC-PDB, 2025 WL 4352540, at *3 (M.D. Fla. Feb. 19, 2025). "[W]hether a defense is

5

meritorious does not depend on its likelihood of success." *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014). Specifically, Defendant argues that Plaintiff cannot establish the "likelihood of confusion" element of trademark infringement for reasons explained in pre-litigation correspondence between the parties (Doc. 15, at 9–10). Plaintiff responds that Defendant's argument is premised upon a false declaration and "a hearsay letter from an attorney" (Doc. 18, at 8). Defendant does not need to prove its defense in the instant motion, only suggest that it possesses a meritorious defense. Defendant has done so, and this factor weighs in favor of setting aside the clerk's default.

Finally, the Court cannot find on this record that Defendant displayed either an intentional or reckless disregard for the judicial proceedings. *Compania Interamericana*, 88 F.3d at 951–52. This is not one of those "extreme situations" where a default judgment is appropriate despite a litigant's intention to appear and defend the lawsuit, and setting aside the default in this case will serve the court's strong preference for determining cases on the merits. *Wahl*, 773 F.2d at 1174. For these reasons, good cause exists to set aside the default.

Accordingly, it is hereby

ORDERED:

1.      Defendant's Motion to Set Aside Entry of Default and Motion to Extend Deadline to Respond to the Complaint (Doc. 15) is GRANTED.

2.      The Clerk is directed to set aside the entry of default (Doc. 11).

6

3.      Plaintiff's Motion for Default Judgment (Doc. 12) is DENIED AS MOOT in light of the default being set aside.

4.      Defendant shall have twenty-one (21) days from the date of this Order to respond to the Complaint.

DONE AND ORDERED in Tampa, Florida, on this 14th day of April 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record

7